IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCED DATA ACCESS LLC,<br><br>  Plaintiff,<br><br>v.<br><br>FUJITSU LIMITED, FUJITSU SEMICONDUCTOR LIMITED, and FUJITSU SEMICONDUCTOR AMERICA, INC.,<br><br>  Defendants. | §§§§§§§§§§§§§ | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ADVANCED DATA ACCESS LLC ("Plaintiff") files this Original Complaint against Defendants FUJITSU LIMITED, FUJITSU SEMICONDUCTOR LIMITED, and FUJITSU SEMICONDUCTOR AMERICA, INC. ("Defendants") alleging as follows:

### I. THE PARTIES

1.  Plaintiff ADVANCED DATA ACCESS LLC is a Limited Liability Company organized and existing under the laws of the State of Texas, with a principal place of business in Frisco, Texas.

2.  Upon information and belief, Defendant FUJITSU LIMITED ("FUJITSU") is a corporation organized and existing under the laws of Japan, with a principal place of business in Tokyo, Japan.  Upon information and belief, Defendant FUJITSU engages in business in the State of Texas, but upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Defendant FUJITSU has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.

1

The Secretary of State may forward service to Defendant FUJITSU at its home office address located at Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123 Japan.

3.  Upon information and belief, Defendant FUJITSU SEMICONDUCTOR LIMITED ("FUJITSU SEMI") is a corporation organized and existing under the laws of Japan, with a principal place of business in Yokohama, Japan. Upon information and belief, Defendant FUJITSU SEMI engages in business in the State of Texas, but upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Defendant FUJITSU SEMI has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may forward service to Defendant FUJITSU at its home office address located at Nomura Fudosan Shin-yokohama Bldg. 10-23, Shin-yokohama 2-Chome, Kohoku-ku Yokohama Kanagawa 222-0033, Japan.

4.  Upon information and belief, Defendant FUJITSU SEMICONDUCTOR AMERICA, INC. ("FUJITSU SEMI AMERICA") is a California corporation with a principal place of business located in Sunnyvale, CA. Defendant FUJITSU SEMI AMERICA may be served with process by serving its Registered Agent, Michael M. Moore, 1280 E Arques Ave. Bldg E, Sunnyvale, CA 94085.

## II. JURISDICTION AND VENUE

5.  This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a). Advanced Data Access LLC ("ADA" or "Plaintiff") is a subsidiary of Acacia Research Group LLC ("ARG"). Both ARG and ADA maintain their principal place of business in Frisco, Texas.

6.  ARG (formerly known as Acacia Patent Acquisition Corp.) acquired United States

Patent No. 5,781,497 ("the '497 Patent") on June 28, 2007. Since that time, the '497 Patent has been successfully licensed and/or covenanted to various entities. Licensing efforts are ongoing through ADA.

7. Upon information and belief, Defendants have had minimum contacts with the Tyler Division of the Eastern District of Texas such that this venue is fair and reasonable. Defendants have committed such purposeful acts and/or transactions in this district that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Tyler Division of the Eastern District of Texas.

8. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

9. On July 14, 1998, United States Patent No. 5,781,497 ("the '497 Patent") was duly and legally issued for "Random Access Memory Word Line Select Circuit Having Rapid Dynamic Deselect." A true and correct copy of the '497 Patent is attached hereto as Exhibit "A" and made a part hereof.

10. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '497 Patent, with all rights to enforce the '497 Patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

11. The '497 Patent is referred to as the "Patent-in-Suit."

12. Upon information and belief, Defendants manufacture, make, have made, import, have imported, market, sell and/or use products and/or systems that infringe one or more claims of the Patent-in-Suit.

13. More specifically, on information and belief, Defendants FUJITSU, FUJITSU SEMI, and FUJITSU SEMI AMERICA, without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufacture, use, sell, import, and/or offer for sale systems and/or products directly infringing one or more claims of the '497 Patent. By way of example only, its FCRAM product, part number MB81EDS516545, directly infringes at least claim 14 of the '497 Patent.

14. Further, upon information and belief, Defendants induce and/or contribute to the infringement of one or more of the claims of the Patent-in-Suit by others.

15. For example, Nintendo of America Inc. ("Nintendo"), without authority, consent, right, or license, and in direct infringement of the '497 Patent, manufactures, uses, sells, imports, and/or offers for sale systems and/or products directly infringing one or more claims of the '497 Patent. More specifically, Nintendo, directly infringes at least claim 14 of the '497 Patent by making, using, and/or selling its Nintendo 3DS product, which includes Defendants' FCRAM product, part number MB81EDS516545. On information and belief, Nintendo is Defendants' customer.

16. Upon information and belief, Defendants had knowledge of, or were willfully blind to, the existence of the Patent-in-Suit. Further, on information and belief, Defendants possessed specific intent to induce infringement by providing, at least, product specification sheets and instructions on how to use the product in a way that would infringe the patent. For example, Defendants provided a FUJITSU SEMICONDUCTOR DATA SHEET on their website detailing the architecture and functionality of Defendants' FCRAM product, part number MB81EDS516545.

17. Upon information and belief, Defendants actively induced Nintendo, to infringe the Patent-in-Suit by advertising an infringing use and instructing how to engage in an infringing use.

For example, Defendants advertise an infringing use of their FCRAM product by providing an FCRAM Family Introduction presentation on their website detailing the use of its FCRAM product in a mobile game console.

18. Upon information and belief, Nintendo sells its Nintendo DS product in the United States, and that product contains Defendants' FCRAM product.

19. Upon information and belief, Defendants' FCRAM product, part number MB81EDS516545, has no substantial non-infringing use. For example, Defendants state in their FCRAM Family Introduction presentation from their website that FCRAM products are "memory for portable digital media applications."

20. Plaintiff reserves the right to assert additional claims of the '497 Patent and reserves the right to assert additional patents.

21. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Upon information and belief, Defendants will continue their infringement of the Patent-in-Suit unless enjoined by the Court. Defendants' infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  RELATED CASE

23.  Defendant and the Court are hereby advised of the following related case: ADVANCED DATA ACCESS LLC v. NANYA TECHNOLOGY CORPORATION et al., Civil Action No. No. 6:11-cv-00473-LED, which was filed by ADA on September 9, 2011 and is currently pending in the United States District Court, Tyler Division, Eastern District of Texas. In

that action, ADA alleges infringement of the same '497 Patent described herein by various manufacturers of semiconductor chips.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Patent-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed to and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e. That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of the Patent-in-Suit; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   November 14, 2011**               Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
skeels@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**